STURGIS, Judge
(concurring specially) .
I am persuaded that this court is without jurisdiction to entertain this appeal. The majority having held to the contrary, and thus established the law of the case on that proposition, in that light I am in accord with the other views expressed in the opinion written by Judge CARROLL.
In addition to the general proposition that the trial court did not abuse its discretion in entering the order appealed, I am of the opinion that on the motion made and under the rules of procedure the trial court would have abused its discretion had it entered a contrary order.
The order in question had the effect of rejecting jurisdiction over the person of the defendant and of retaining jurisdiction over the subject matter of the cause. The so-called motion to dismiss the complaint assigned the following specific grounds: “(1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; (5) insufficiency of service of process; (6) failure to state a cause of action,” but all except ground numbered five (5) were abandoned. By reference to Rule 1.11(b), F.R.C.P., as amended, it will be seen that these grounds of the motion to dismiss the complaint are in the exact language of the “defenses” which, at the option of the pleader, may be made by “motion”.
The affidavits supporting ground numbered five (5) of the motion were to no purpose or effect other than that the defendant is a foreign corporation and that service of process was undertaken on a person not qualified to bind the defendant. The “defense” thus presented is a prototype of what was formerly known as a motion to quash the sheriff’s return to the summons ad respondendum. Being dilatory in nature, it is not of the type favored in the law.
The fact, standing alone, that service of process is made upon one not qualified to bind the party upon whom it was intended to be served should not operate to destroy the following provision of *713 Rule 1.3(d), 1954 Florida Rules of Civil Procedure:
“When any summons shall be returned not executed or returned improperly executed as to any defendant, the plaintiff shall be entitled to such additional summons against such defendant or defendants, as may be required to effect service.”
Turning to the question of our jurisdiction to review the order appealed, it is axiomatic that where jurisdiction to review is in doubt and the parties to the appeal have not raised the question, the appellate court should do so of its own motion. While dismissal of this appeal for lack of jurisdiction has the same practical effect on the parties as results from our affirmance of the order in question, I think the former procedure should have been followed and that the contrary disposition vitally affects Florida procedure and practice.
In keeping with Section 4 of the Declaration of Rights, F.S.A., Constitution of Florida, the trial courts, and inferentially the appellate courts, are enjoined to construe the rules of procedure in such manner as to “secure the just, speedy and inexpensive determination of every action.” Rule A, 1954 Florida Rules of Civil Procedure. Appeal to this court from interlocutory decrees and orders depends entirely on Florida Appellate Rule 4.2(a), 31 F.S.A., promulgated pursuant to Article V, Section 5, paragraph 3, Constitution of Florida, F.S.A., which vests in the Supreme Court exclusive authority to provide for or deny such review. F.A.R. 4.2(a) limits appeals from interlocutory orders in actions at law to those “relating to venue or jurisdiction over the person.” The limitation was obviously designed to avoid the expense, inconvenience and futility of a full-dress trial in those instances where the court lacks jurisdiction over the person or action. Venue is not in question on this appeal. Hence our power to review the subject order depends on whether it relates to jurisdiction over defendant’s person. It is here that we come to the critical fact that the order accords with defendant’s insistence that its person has not been subjected to the jurisdiction of the trial court. It is unlikely that the framers of Rule 4.2(a) intended to provide for review in this type of action of orders favorable to a defendant’s challenge to jurisdiction over his person. Such would operate to provide an evasive defendant with a more effective dilatory maneuver than any he now enjoys — that by which the defendant-appellant has thus far shown nothing more definite than that the process server hasn’t “tagged” it up to now. This strategy, however legitimate, has nothing to do with the merits of the action.
Comparison of the grounds for dismissal of the complaint, supra, with the enumerated defenses set out in amended Rule 1.11(b), 1954 F.R.C.P.,[1] indicates that in *714 seeking to dismiss the complaint defendant was relying on the original draft of the rule, wherein the words “the complaint” followed the clause enabling the enumerated defenses to “be made by motion” at the option of the pleader. Even so, as originally framed the rule was not intended, in its relation to the so-called “defense” of “insufficiency of service of process,” to have the effect of immediate dismissal of the action. The confusion resulting from the unfortunate use of the words “the complaint” activated the amendment eliminating them.
Under amended Rule 1.11(b) the enumerated defenses may be made by “motion”, but the nature of the motion is not defined. It follows that an appropriate motion is intended. Notwithstanding the pleader’s designation of the motion in suit as a “motion to dismiss the complaint,” it is in essence a motion to quash the return. Upon granting such motion the rule providing for alias summons (1.39, F.R.C.P.) came into play, and the trial court was properly governed thereby.
It may be argued that by the expedient of having alias summons repeatedly issued at intervals less than the period provided by Section 45.19, Florida Statutes, F.S.A., for a suit to become subject to dismissal for lack of affirmative action, a designing plaintiff may attempt to keep his suit alive indefinitely and to thus subvert the statute of limitations. That argument presupposes that the mere act of procuring the issuance of an alias summons is in itself “affirmative action” of the character contemplated by the statute. Our courts have not so held, and it is safe to assume that Rule 1.3(d), F.R.C.P., will not be interpreted so as to permit it to be used as a vehicle for the accomplishment of an unlawful purpose.
Construing Florida Appellate Rule 4.2 (a) and Rule 1.3(d), 1954 F.R.C.P., in a manner calculated to secure the just, speedy and inexpensive determination of every cause, I am of the opinion that since this is a law action in which the appellant seeks to appeal from an interlocutory order sustaining its position upon an attack directed exclusively to the sufficiency of service of process, this court does not have jurisdiction to entertain it.
For the reasons stated, I would have dismissed the appeal rather than affirm the order, and it is only by compulsion of the majority view that I accept the latter disposition and concur in the controlling opinion.

. Rule 1.11(b), 1954 F.R.C.P., as amended, provides:
“Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim or cross-claim, shall be asserted in the responsive pleading thereto if one is required; except that the following defenses may at the option of the pleader be made by motion *: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a cause of action, (7) failure to join indispensable parties. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion. If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, he may assert at the trial any defense in law or fact to that claim for relief.”

As originally framed, the words “to dismiss” appeared here.